UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

| | | |
|---|---|---|
| HENDERSON ENGLISH, by his parent and next friend MARIE ENGLISH, Plaintiff, | ) ) ) ) | |
| v. | ) ) | Civil Action No. |
| REDBUBBLE, INC., Defendant. | ) ) ) | |

# COMPLAINT AND DEMAND FOR JURY TRIAL

COMES NOW Plaintiff, Henderson English, by his parent and next friend, Marie English, for his Complaint against Defendant Redbubble, Inc., stating as follows:

1. Plaintiff Henderson English is an individual and resident of Pensacola, Florida. Plaintiff is a disabled veteran and was incompetent at the time the challenged acts occurred. Plaintiff brings this action by and through his parent and next friend, Marie English, in accordance with Federal Rule of Civil Procedure 17(c).

2. Upon information and belief, Defendant, Redbubble, Inc. was founded in 2012 and is a Delaware Corporation licensed to do business in the state of California. The company's line of business includes the retail sale of products by television, catalog, and mail order. Redbubble, Inc. (hereinafter "Redbubble" or

"Defendant" can be served through its agent for service of process: Corina Davis, 111 Sutter Street, 17th Floor, San Francisco, CA 94194.

## JURISDICTION AND VENUE

3. This is a diversity action asserting Florida state law claims for privacy and publicity rights. Subject matter jurisdiction lies within this Court, pursuant to 28 U.S.C. § 1332.

4. Venue is proper in this district in that a substantial part of the event or omissions giving rise to the Plaintiff's claims occurred in this judicial district. Plaintiff English is informed and believes and based thereon, alleges that Redbubble regularly and systematically conducts internet business in this district, did so in connection with the acts and omissions alleged herein, and therefore, is subject to personal jurisdiction in this district. Florida's Long-Arm Statute, Fla. Stat. § 48.193(2) applies because Defendant is an entity that purposefully avails itself of the privilege of conducting activities within the forum state and has clear notice that it is subject to suit here. Due process is satisfied because Redbubble has sufficient minimum contacts with Florida such that exercise of jurisdiction over Redbubble does not offend traditional notions of fair play and substantial justice.

## THE PARTIES

5. Henderson English is an African-American male born on January 27, 1947. He served in the United States Army from 1967-1969. Mr. English received

an honorable discharge on February 5, 1969. During two (2) tours of duty in the Republic of Vietnam, Mr. English received two (2) Purple Heart medals for wounds sustained in combat. In addition, Mr. English received two (2) bronze stars: one for heroism in combat and the other for meritorious achievement in connection with ground operations against hostile forces.

6. Approximately two (2) years ago, Henderson English's then-sixteen (16) year old nephew, Que'zhaun Richardson, posted a six (6) second video to VINE, a website containing short videos submitted by members of the public. The video was titled "Mr. Postman" and was a five (5) second rendition of the hit song by The Marvelettes, titled "Please Mr. Postman." In the video, Que'zhaun Richardson sings the first line "Wait, Mister Postman" and Plaintiff English is seen and heard singing in the background "Oh, yeah."

7. Once the video posted to VINE, another individual shared it on YouTube and other social media sites. The video went viral, various remixes were created and Que'zhaun Richardson and Plaintiff English became overnight Internet sensations.

8. English is informed and believes and based thereon alleges that Redbubble, Inc. is a corporation existing under the laws of the State of Delaware, with its principal place of business in San Francisco, California, and holds itself

out to the public as engaged in the business of retail sale of products by television, catalog, mail order and internet.

9. Defendant has misappropriated the unique likeness of Plaintiff as shown in the above-referenced video without Plaintiff's knowledge or consent. Defendant used Plaintiff's likeness to market and sell a line of clothing to men and women. T-shirts bearing Plaintiff's likeness range in price from $19.90 to $27.50. A pullover lightweight hooded sweatshirt bearing Plaintiff's likeness sells for $45.00. A true image of Plaintiff's likeness is incorporated herein and attached as Collective Exhibit A.

10. Plaintiff became aware of Defendant's misappropriation and egregious use of his likeness approximately five (5) months ago.

## COUNT I
## VIOLATION OF SECTION 540.08, FLORIDA STATUTES
**(Misappropriation of Name or Likeness)**

11. Plaintiff repeats and re-alleges the foregoing allegations as if fully set forth herein.

12. This action is brought to obtain relief for Defendant's unauthorized publication of Plaintiff's photograph for the purposes of trade, commercial and advertising purposes wherein Defendant published Plaintiff's picture in business materials distributed to its customers.

13. The actions of Defendant described herein violate Section 540.08, Florida Statutes.

14. Plaintiff has been injured because Plaintiff has had his likeness exposed and distributed to the public without his consent. Further, Plaintiff has been subjected to unwanted inquisitive notice by the general public to the injury of Plaintiff's personality and self-respect, and the disturbance of Plaintiff's peace of mind and privacy. Plaintiff has been made conspicuous and identified to the public and has suffered great mental pain.

WHEREFORE, Plaintiff requests that this Court enter judgment for Plaintiff, including costs, and issue any other relief deemed appropriate, including entering an injunction against Defendant pursuant to Florida law, and awarding Plaintiff actual, punitive and exemplary damages.

## COUNT II
### Invasion of Privacy

15. Plaintiff incorporates and realleges Paragraphs 1 through 14 as if fully set forth herein.

16. This is an action for invasion of Plaintiff's privacy by Defendant. At all times material to this action, Plaintiff lived a quiet and private life, free from the curiosity that accompanies fame and notoriety, from the interest of the great mass of people and those whose conduct or behavior attracts general public interest. Plaintiff shunned notoriety and publicity, held and holds as precious the

privacy of his personal life and of his acts and speech in all social relations. Plaintiff never exhibited or sought to exploit his name or personality for money, profit or commercial gain.

17. As alleged herein, Defendant publicized information or material that showed Plaintiff in a false light.

18. The false light created by the publication would be highly offensive to a reasonable person in Plaintiff's position.

19. Defendant was negligent in determining the truth of the information or whether a false impression would be created by its publication.

20. Plaintiff has been injured because he has had his likeness exposed and distributed to the public without his consent. Plaintiff has been subjected to unwanted inquisitive notice by the general public to the injury of his personality and self-respect, and the disturbance of his peace of mind and privacy. Plaintiff has been made conspicuous and identified to the public and has suffered great mental pain.

21. Defendant's conduct was a substantial factor in causing Plaintiff's harm.

22. In doing the acts herein alleged, Defendant acted fraudulently, willfully, maliciously, oppressively, and with international disregard of Plaintiff's

interests, and subjected Plaintiff to unjust hardship. As a result of this conduct, Plaintiff is entitled to punitive damages.

23.  Plaintiff is also entitled to preliminary and permanent injunctive relief to require the Defendant to cease the unauthorized use of Plaintiff's image.

WHEREFORE, Plaintiff prays for judgment against Defendant for compensatory damages, punitive damages, and for preliminary and permanent injunctive relief, requiring the Defendant to cease the unauthorized use of Plaintiff's image.

## DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury of all issues so triable in this action.

DATED: July 16, 2018.

Respectfully submitted,

LAW OFFICES OF LUVELL GLANTON, PLLC

/s Luvell L. Glanton
Luvell L. Glanton, TN BPR No. 14172
Attorney for Plaintiff
915 Jefferson Street, 2nd Floor
Nashville, Tennessee 37208
(615) 244-4511 telephone
(615) 244-7226 facsimile
E-mail: glantonfirm@gmail.com